UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-63169-CV-SMITH
MAGISTRATE JUDGE REID

GRAHAM A. GIBSON,

    Plaintiff,

v.

MICHAEL J. SATZ, ESQ., et al.,

    Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Plaintiff, **Graham A. Gibson,** a convicted felon being detained at the Paul Rein Detention Facility on a probation violation, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* [ECF No. 1]. Plaintiff requests (1) his "record be exp[u]nged"; (2) any [and] all restitution costs be returned"; and (3) "compensation for being forced to work in the Broward Jail System for free as a trustee." [*Id*. at 4]. He brings this cause of action against Prosecutor Michael J. Satz, Esq., Sheriff Gregory Tony, Brenda D. Foreman, Clerk of Courts, Broward County Seventeenth Judicial Circuit, and Judge Michael Usan. [*Id*. at 2]. Plaintiff's claims are directly related to his state criminal proceeding in Broward County Circuit Court, Case No. 15009927CF10A. *See* [ECF No. 7-1].

This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. Because Plaintiff is a prisoner and proceeding *in forma pauperis* [ECF No. 5], his Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007).

Accordingly, upon thorough review, the Court **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** pursuant to (1) 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous because it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and (2) § 1915(e)(2)(B)(ii) for failure to state a viable Thirteenth Amendment claim on which relief may be granted.

## II. Plaintiff's Allegations

Because Plaintiff's Complaint is quite short, the Undersigned will transcribe it in its entirety.

In Plaintiff's "Statement of Claim," he alleges:

> Been convicted of a crime when case law states I committed no such crime. Been on probation for 4 to 5 years [and] served substantial amount of sentences[,] including 270 days. I've lost countless forms of income, residences, due to being imprisoned [and] convicted of these false crimes. Court issued an indictment without a bond [and] securitized my indictment without my permission or knowledge.

[ECF No. 1 at 4].

Below in "Relief Requested," Plaintiff states:

> I demand an apology for my false imprisonment from the Judge[,] prosecutor, [and] Broward Sheriffs Office. I demand my record be expunged[,] and any [and] all restitution [and] costs be returned. All cost ben[e]fits be supplemented for. And I demand compensation for being forced to work in the Broward Jail System for free as a Trustee in the amount of $500,000,000.00 in the form of gold or silver coin . . . .

[*Id.*].

Careful review of the criminal docket sheet for Broward County Circuit Court, Case No. 15009927CF10A, indicates that (1) Plaintiff was arrested on July 3, 2019 for driving while license revoked in violation of his probation [ECF No. 7]; and (2) on August 15, 2019, Plaintiff received a sentence of "270 days BCJ w/ credit for 44 days T/S . . . fb remaining supervision" with continued probation, after an open plea in court.[1] [ECF No. 7-2 at 2]. Further, review of the Florida Department of Corrections Inmate Locator indicates that Plaintiff is on active drug offender

---

[1] The Undersigned takes judicial notice of the above state court record. *See* Fed. R. Evid. 201(b)(2) (A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Cunningham v. Dist. Att'y's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010) (taking judicial notice of federal and state court records).

probation in Case No. 15009927CF10A, with a scheduled termination date of August 1, 2021.[2] *See* [ECF No. 7-3].

### III. Standard of Review- 28 U.S.C. §1915(e)

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

---

[2] The Court takes judicial notice of the Florida Department of Corrections Inmate Locator. *See* Fed. R. Evid. 201(b)(2); *see also Dimanche v. Brown*, 783 F.3d 1204, 1213 n.1 (11th Cir. 2015) (citing *Terrebonne v. Blackburn*, 646 F. 2d 997, 1000 n.4 (5th Cir. 1981)) ("Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports.").

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)) (per curiam). Although, as stated before, a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Finally, under section 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory . . ." or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### IV.   Discussion

1) Plaintiff's Complaint is Barred Pursuant to *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, before a plaintiff may proceed with a § 1983 action "to recover damages for

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence had already been invalidated. If the plaintiff fails to demonstrate that the conviction or sentence has been reversed, expunged, or otherwise invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.

In a later decision, the Supreme court announced that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Here, Plaintiff essentially seeks to invalidate his conviction by demanding that his "record be exsp[u]nged" and requesting that "any [and] all restitution [and] costs be returned." [ECF No. 1 at 4]. It is exactly this type of claim that the Eleventh Circuit has found not cognizable in civil rights action. *See Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (finding plaintiff's claims that he was the "victim of an unconstitutional conspiracy to falsely convict him" were in the nature of habeas corpus claims and therefore not cognizable under § 1983). Accordingly, if Plaintiff

"cannot show that his conviction or sentence has been invalidated, then he is barred from bringing a § 1983 claim." *Simpson v. Stewart*, 386 F. App'x 859, 860 (11th Cir. 2010) (citing *Heck*, 512 U.S. at 486-87).

Furthermore, to the extent Plaintiff seeks any form of monetary damages in this § 1983 suit, as stated above, "the district court must consider whether a judgment in favor of [P]laintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Heck*, 512 U.S. at 487.

There is nothing that would indicate Plaintiff's conviction or sentence has been invalidated. As a result, Plaintiff is barred from bringing a § 1983 claim for damages pursuant to the Supreme Court's holding in *Heck*. *See Simpson*, 386 F. App'x at 860 (citing *Heck*, 512 U.S. at 486-87).

2) Habeas Corpus Relief

"It is well established that an inmate in state custody 'cannot use a § 1983 action to challenge the fact or duration of his confinement' and instead must seek federal habeas corpus or appropriate state court relief." *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 786-87 (11th Cir. 2017) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)); *see also Green v. Cunningham*, No. CV418-210, 2018 WL 6310269, at *3 (S.D. Ga. Dec. 3, 2018), *report and recommendation adopted*, No. CV 418-210, 2019 WL 136991, at *1 (S.D. Ga. Jan. 7, 2019). Therefore, to the extent Plaintiff intends to challenge the judgment and/or sentence of his conviction in Case

No. 2018CF002976, Plaintiff should file a habeas corpus petition pursuant to 28 U.S.C. § 2254.[3]

3) Thirteenth Amendment

Plaintiff also "demand[s] compensation for being forced to work in the Broward Jail System for free as a trustee." [ECF No. 1 at 4]. Plaintiff's claim falls within the purview of the Thirteenth Amendment. Section 1 of the Thirteenth Amendment provides, "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.

However, Plaintiff has not explained when he was required to work or described the nature of the work. Plaintiff has been in the custody the Florida Department of Corrections since December 1, 2016, after a probation violation.[4] Furthermore, as indicated by the date Plaintiff filed his Complaint [ECF No. 1 at 5], and his account activity letter [ECF No. 3 at 3-4], Plaintiff was at the Paul Rein Detention Center from the date of his arrest for probation violation on July 3, 2019

---

[3] Section 2254 . . . applies to a subset of those to whom § 2241(c)(3) applies—it applies to "a person in custody *pursuant to the judgment of a State court*" who is "in custody in violation of the Constitution or laws or treaties of the United States." *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (quoting 28 U.S.C. § 2254(a)).

[4] "In the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail." *Duvallon v. Fla.*, 691 F.2d 483, 485 (11th Cir. 1982).

8

until December 14, 2019. [ECF Nos. 1 at 5; 3 at 3-4]. Plaintiff's disposition for violation of probation was entered on August 15, 2019. [ECF No. 7-2].

Assuming Plaintiff was forced to work in the Broward County Jail System after his August 15, 2019 Disposition, his Thirteenth Amendment claim would be fall under the standard for convicted prisoners. If Plaintiff was forced to work in the Broward County Jail System before the disposition of his case, his Thirteenth Amendment claim may fall under the standard for pretrial detainees.[5]

As for convicted prisoners, the Eleventh Circuit has held that the Thirteenth Amendment's ban on involuntary servitude does not apply to work performed "pursuant to prison regulations or state statutes." *Holt v. Givens*, 757 F. App'x 915, 922 (11th Cir. 2018) (quoting *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983)).

---

[5] "The Eleventh Circuit has described the question whether an inmate 'being held pending a hearing for an alleged parole violation' is a pretrial detainee as 'problematic.'" *Stokes v. Conway*, No. 1:12-CV-1496-WSD, 2013 WL 12322082, at *4 (N.D. Ga. Mar. 18, 2013) (quoting *Tittle v. Jefferson Cty. Comm'n*, 10 F.3d 1535, 1539 n.3 (11th Cir. 1994)); *see also Dailey v. Hunter*, No. 204CV-392-FTM-29DNF, 2006 WL 4847739, at *2 (M.D. Fla. Mar. 22, 2006) (finding that "[t]o the extent that plaintiff is a pre-trial detainee on [a] probation violation charge," his claims are governed by the "due process clause of the Fourteenth Amendment."; *Dean v. Bloodsworth*, No. 5:10-CV-108 CAR, 2010 WL 1664961, at *1 (M.D. Ga. Apr. 22, 2010) ("It is unclear whether plaintiff was a pretrial detainee during his time at the Doraville City Jail or if he had already been sentenced for his probation violation.").

!

As to pretrial detainees, "despite the fact that they are presumed innocent and not subject to punishment, even pretrial detainees may be required to perform some labor without running afoul of the Due Process Clause or the Thirteen Amendment's ban on involuntary servitude." *Pintado v. Dora*, No. 09-23697-CIV, 2011 WL 794607, at *7 (S.D. Fla. Jan. 28, 2011), *report and recommendation adopted,* No. 09-23697-CIV, 2011 WL 777887 (S.D. Fla. Mar. 1, 2011) (citing *Hause v. Vaught,* 993 F.2d 1079, 1085 (4 Cir. 1993)); *see also McGarry v. Pallito*, 687 F.3d 505, 514 (2d Cir. 2012) ("[C]orrectional institutions may require [pretrial detainees] to perform personally related housekeeping chores . . . without violating the Thirteenth Amendment.").

Accordingly, if the Court analyzes Plaintiff's claim under the applicable legal standards for both convicted prisoners and pretrial detainees, as presently stated, his claim fails regardless, because (1) it is wholly deficient, vague, and conclusory; (2) fails to comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida; (3) he does not describe any of the circumstances surrounding his claim; (4) he fails to raise any specific allegations against any Defendants, individually; and (5) the Thirteenth Amendment's prohibition against involuntary servitude is not implicated for convicted prisoners.

Therefore, Plaintiff has failed to state a claim on which relief may be granted for any Thirteenth Amendment violation.

## V. Recommendations

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** pursuant to (1) 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous because it is barred by *Heck v. Humphrey*; and (2) § 1915(e)(2)(B)(ii) for failure to state a viable Thirteenth Amendment claim on which relief may be granted.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 30th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  **Graham A. Gibson**
     Paul Rein Detention Facility
     Inmate Mail/Parcels
     2421 NW 16th Street
     Pompano Beach, FL 33069
     PRO SE

   **Graham A. Gibson**[6]
   6101 NE Miami CT
   Miami, FL 33137

---

[6] According to the FDOC inmate locator, this is Plaintiff's current verified permanent address.

PRO SE

12